IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIVIDAD SILVA, JR., #23368-077, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1081-B |
| | ) | ECF |
| FEDERAL CORRECTIONAL | ) | |
| INSTITUTION, et al., | ) | |
|     Defendants. | ) | Referred to Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a federal inmate pursuant to 28 U.S.C. § 1331.

Parties: Plaintiff is presently confined at the Federal Correction Institution (FCI) in Seagoville, Texas.

Defendants are FCI Seagoville, Warden David Berkebile, former Warden Dan Joslin, Associate Wardens Bonnie Miller and Marne Boyle, Pat Hall-Madrid, General Manager Debra Linton, Food Administrator David Molina, Assistant Food Administrator Mark Fishman, Supervisor of Education Marsha Melendez, Law Library Staff Naomi Cox, and Recreational Specialist Roderick Harman. The Court has not issued process in this case pending preliminary screening.

Statement of Case: Plaintiff seeks monetary, declaratory and injunctive relief for the

retaliatory termination of his prison jobs at FCI Seagoville.

Along with his complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis*.

Findings and Conclusions:  The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court.  Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision.  Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

A review of the U.S. Party and Case Index reflects that Plaintiff, while confined as a prisoner, filed two prior *in forma pauperis* actions, which were dismissed with prejudice as frivolous and/or for failure to state a claim.  They are described *seriatim*:

> 1. *Silva v. Stickney, et al.*, 3:03cv2279-D (N.D. Tex., Dallas Div., filed on Oct. 2, 2003).  *See* March 29 and November 9, 2005 Orders accepting findings and conclusions of the Magistrate Judge, and Judgments dismissing complaint without prejudice as to Judge Sanders and Angie L. Henson, with prejudice based on immunity as to Judge Fish and Magistrate Judge Stickney, with prejudice as frivolous as to Plaintiff's RICO and restitution claims, with prejudice as untimely as to his illegal search and seizure claims, and with prejudice as frivolous under *Heck v. Humphrey* as to Plaintiff's *Bivens* and pendent state-law claims.  The November 9, 2005 judgment specifically cautioned Plaintiff about the three-strike provision.  Plaintiff did not appeal.
>
> 2. *Silva v. Bureau of Prisons, et al.*, 3:04cv0452-N (N.D. Tex., Dallas Div., filed Mar. 3, 2004).  *See* August 2, 2004, Order accepting findings  and conclusions of the Magistrate Judge, and Judgment dismissing case with prejudice for failure to

state a claim under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).  Plaintiff appealed.  On February 23, 2006, the U.S. Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous.  *See* No. 04-11172.[1]

When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under § 1915(g) once the judgment becomes final.  *See Adepegba*, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(g) (covering dismissals as "*frivolous*, *malicious*, or *[for] fail[ing] to state a claim* upon which relief may be granted") (emphasis added).  A judgment of dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights.  *Adepegba*, 103 F.3d at 387-88; *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 (5th Cir. 1998).  The dismissal of an appeal as frivolous also counts as a strike for purposes of § 1915(g).  *Adepegba*, 103 F.3d at 387-88.

Applying *Adepegba* to Plaintiff's prior *in forma pauperis* actions, it is clear that he has accrued three "strikes" under § 1915(g).  Plaintiff accumulated one "strike" for each district court dismissal in the two actions described above.  He accumulated an additional "strike" for the dismissal of the frivolous appeal stemming from cause number No. 3:04cv452-N.  *See* Appeal No. 04-11172.

Because Plaintiff has accumulated three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint.  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  The complaint presents no claim that Plaintiff was in danger of any physical injury at the time he submitted his complaint for filing.  *See Carson v. Johnson*, 112 F.3d 818,

---

[1] The findings and conclusions of the magistrate judge and the Fifth Circuit opinion specifically cautioned Plaintiff about the three-strike provision.

822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84. All of Plaintiff's claims relate to his prison employment at FCI Seagoville in 2005 and early 2007.

Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action as barred by three strikes unless he pays the full filing fee of $350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2), and DISMISS this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 26th day of June, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

---

[2] As a part of the Deficit Reduction Act of 2005 signed February 8, 2006, 28 U.S.C. § 1914 was amended by striking "250" as the filing fee amount and inserting "350." Deficit Reduction Act of 2005, Pub. L. No. 109-171, 120 Stat. 4 (Feb. 8, 2006), effective April 9, 2006.

1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.